UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| COLUMBIANA COUNTY, OHIO, | ) Case No. 4:94-CV-01482 |
| | ) |
| Plaintiff, | ) |
| | ) JUDGE SOLOMON OLIVER, JR. |
| v. | ) MAGISTRATE JUDGE DAVID A. RUIZ |
| | ) |
| STEPHEN STRABALA, *et al.*, | ) |
| | ) |
| Defendants. | ) REPORT AND RECOMMENDATION |
| | ) ON PLAINTIFF'S MOTION TO REVIVE |
| | ) DORMANT JUDGMENT |

## I. Introduction

Currently pending before the court in the within case is Plaintiff Columbiana County Board of Commissioners' Motion to Revive Dormant Judgment. (R. 42.) Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and Rule 72.2(a) of the Local Civil Rules, this matter has been referred to the undersigned for purposes of (1) conducting a hearing on the Motion, as provided in Ohio Revised Code § 2325.17, and (2) preparing a report and recommendation on the Motion. (R. 47.)

On January 27, 2017, the undersigned conducted a hearing on Plaintiff's Motion to Revive and afforded Defendant and his counsel an opportunity, pursuant to Ohio Revised Code § 2325.17, to show cause why a judgment should not be revived.

## II. Background

In Plaintiff's Motion to Revive Dormant Judgment, the following background[1] was set forth. *See* R. 42, PageID #: 5. Plaintiff obtained a judgment on February 15, 1995, against Defendant Stephen Strabala, individually and doing business as "S&S Investments," in the amount of $4,785,135.00, which accrues interest at the rate of 7.34% per annum, compounded annually. *See* R. 52, PX A (Stipulated Judgment Entry).

Subsequently, on or before April 5, 1995, real estate and items of personal property of Defendant Stephen Strabala were sold. The proceeds from the sale of such property amounted to $144,740.80, which were applied to the judgment in this matter. Additionally, from December 11, 1998, to October 19, 2011, Defendant Stephen Strabala made payments toward the judgment in the total sum of $33,755.75, which have also been applied to the judgment.

The balance, as calculated by Plaintiff, including interest currently due on the judgment is $20,461,641.89. (R. 52, PX B.) Plaintiff contends that the judgment is in full force and effect and remains unpaid, but has become dormant by

---

[1] At the January 27 hearing, Defendant stated that he did not contest the portions of the background recited in the Motion, to the extent set forth in this and the following paragraph, with one exception. At the hearing, Defendant reserved the right to assert that a different interest rate applied, but he did not raise the issue in a post-hearing brief, and the Stipulated Judgment Entry does specify the interest rate of 7.34% per annum, compounded annually. *See* R. 52, PX A (Stipulated Judgment Entry).

the operation of law. (R. 42, PageID #: 5.) The parties agree that the judgment became dormant on February 15, 2000. (R. 42, PageID #: 6; R. 46, PageID #: 17.)

Plaintiff's Motion to Revive Dormant Judgment requests an order reviving the judgment in favor of Plaintiff, and against Defendant Stephen Strabala, for and to the extent of the unpaid balance, in the sum of $4,606,638.45, plus interest at the rate of 7.34% per annum, compounded annually, from February 15, 1995. (R. 42, PageID #: 7.) The current sum due, as calculated by Plaintiff, is $20,461,641.89, plus interest at the rate of 7.34% per annum, compounded annually. (R. 52, PageID #: 37; R. 52, PX B.)

The court held a Motion Hearing on January 27, 2017. (R. 51.) The court ordered the parties to file post-hearing briefs within fourteen days of the hearing date. Plaintiff was ordered to provide a copy of the underlying Stipulated Judgment Entry to Defendant by February 10, 2017, to provide Defendant the opportunity to stipulate or object to the authentication of the judgment entry. (R. 51.) Plaintiff filed a post-hearing brief on February 10, 2017. (R. 52.) Defendant has not done so. Fourteen days having passed, the court considers the issues fully briefed.

### III. Legal Standard and Analysis

The revival of dormant judgments in federal court is governed by state law. *Davet v. City of Cleveland*, No. 1:03CV1623, 2011 WL 4729930, at *2 (N.D. Ohio Oct. 7, 2011) (citing *Donellan Jerome, Inc. v. Trylon Metals, Inc.*, 11 Ohio Misc. 265,

270 F. Supp. 996, 998 (S.D. Ohio 1967)). For the purposes of reviving this judgment, Ohio law controls.

Ohio Rev. Code § 2325.15 governs the revivor of a dormant judgment. As to the time period within which such an action can be brought, the parties agree that the relevant state statute is Ohio Rev. Code § 2325.18. (R. 42, PageID #: 5; R. 46, PageID #: 17.) The current version of the statute became effective on June 2, 2004. Defendant contends that the current provisions control: "An action to revive a judgment can only be brought within ten years from the time it became dormant." Ohio Rev. Code § 2325.18(A) (2004). Defendant argues that, because the judgment became dormant on February 15, 2000, the last day that Plaintiff was legally entitled to renew the judgment was February 15, 2010. (R. 46, PageID #: 17.)

Plaintiff contends in its Motion, however, that the controlling version of the statute is that which was in effect at the time of the judgment (*i.e.*, February 15, 1995). The provisions of the statute then in effect provide that an action to revive a dormant judgment must be brought within twenty-one (21) years from the time the judgment became dormant.[2] (R. 42, PageID #: 5-6.)

---

[2] "An action to revive a judgment can only be brought within twenty-one years from the time it became dormant, unless the party entitled to bring such action, at the time the judgment became dormant, was within the age of minority, of unsound mind, or imprisoned, in which cases the action may be brought within fifteen years after such disability is removed." Ohio Rev. Code § 2325.18 (1995).

The Supreme Court of Ohio has held that, without an expression of retroactivity, statutes are not to be applied retroactively. *Cadles of Grassy Meadows, II, L.L.C. v. Kistner*, 2010-Ohio-2251, ¶ 17, 2010 WL 2025498, at *3 (Ohio Ct. App. May 21, 2010) (discussing *Bartol v. Eckert*, 50 Ohio St. 31, 43, 33 N.E. 294 (1893)); *see also* Ohio Rev. Code § 1.48 ("statute presumed to be prospective in its operation unless expressly made retrospective"). The current version of Section 2325.18 (effective June 2, 2004) does not clearly provide for its retroactive application, thus the *Cadles* court found it was not intended to apply to dormant judgments that existed as of June 2, 2004, and the prior version of the statute, which provided for a 21-year statute of limitation, controlled the case before that court. *Cadles*, 2010-Ohio-2251, ¶ 17, 2010 WL 2025498, at *3. *See also Larney v. Vlahos*, 2016-Ohio-1371, ¶ 24, 2016 WL 1291565, at *5 (Ohio Ct. App. March 31, 2016) (same); *Selwyn v. Grimes*, 2014-Ohio-5147, ¶¶ 15-16, 2014 WL 6484272, at *2 (Ohio Ct. App. Nov. 20, 2014) (same).

At the hearing, Defendant argued that the enactment of the revised version of the statute in 2004 should be viewed as putting a judgment creditor on notice that the clock was ticking, and in effect gave the judgment creditor here an additional six years to protect its interests. Defendant did not brief this argument in a post-hearing brief. However, as Ohio courts have made clear in *Cadles* and related cases, the current version of Section 2325.18 does not provide for a retroactive application, thus it was not intended to apply to dormant judgments

that existed as of June 2, 2004. *Cadles*, 2010-Ohio-2251, ¶ 17, 2010 WL 2025498, at *3; *see also Larney*, 2016-Ohio-1371, ¶ 24, 2016 WL 1291565, at *5; *Selwyn*, 2014-Ohio-5147, ¶¶ 15-16, 2014 WL 6484272, at *2.

Under Ohio law, then, the version of Ohio Rev. Code § 2325.18 which was in effect at the time of the February 15, 1995, judgment, and provides for a 21-year statute of limitation, governs this action. *Cadles*, 2010-Ohio-2251, ¶ 17, 2010 WL 2025498, at *3; *see also Larney*, 2016-Ohio-1371, ¶ 24, 2016 WL 1291565, at *5; *Selwyn*, 2014-Ohio-5147, ¶¶ 15-16, 2014 WL 6484272, at *2.

The judgment at issue was rendered on February 15, 1995. (R. 52, PX A (Stipulated Judgment Entry).) The parties stipulated that the judgment became dormant by operation of law on February 15, 2000. (R. 51, PageID #: 34.) Thus, Plaintiff has twenty-one years, until February 15, 2021, to revive the judgment at issue. Plaintiff's Motion to Revive Dormant Judgment (R. 42), filed in this court on September 12, 2016, is thus timely filed.

Defendant stated, in his brief in opposition to the Motion, that "[t]he lien interferes with defendant's exempt property." (R. 46, PageID #: 14.) Defendant then cited numerous provisions of Ohio Rev. Code § 2329.66 (Exempted interests and rights), without clarifying which provision Defendant claimed should apply. (R. 46, PageID #: 14-17.) At the January 27 hearing, Defendant suggested that there was a statutory exception which would stay interest while he had been incarcerated. This argument was not briefed in his opposition to the Motion (R. 46),

and although raised at the hearing, Defendant has not submitted a post-hearing brief, thus the court considers this argument to be abandoned.

In any event, the court notes that the statute's sole reference to imprisonment provides an extension of the limitation period for a plaintiff ("the party entitled to bring [the] action") who had been imprisoned, such that the limitation period would begin to run after the disability (here, imprisonment) was removed. *See* Ohio Rev. Code § 2325.18(A). There is no provision in the statute which provides that interest would not accrue during imprisonment.

In his opposition to the Motion, Defendant cites the current version of Ohio Rev. Code § 2325.18(B) (effective June 2, 2004), which provides that interest shall not accrue and shall not be computed from the date the judgment became dormant to the date the judgment is revived. (R. 46, PageID #: 17, citing Ohio Rev. Code § 2325.18(B) (eff. June 2, 2004).) However, as discussed above, the governing provisions of the statute are those provisions which were in effect at the time of the February 15, 1995, judgment.

The 1995 version of Section 2325.18 was silent regarding the accrual of interest during dormancy. *Asset Acceptance LLC v. Mack*, 105 Ohio St. 3d 323, 324, 825 N.E.2d 1108, 1109 (2005). The Supreme Court of Ohio held that judgments which are not subject to Ohio Rev. Code § 2325.18(B) continue to accrue interest while dormant. *Asset Acceptance*, 105 Ohio St. 3d at 323, 825 N.E.2d at 1108 (syllabus). The court finds that, because Section 2325.18(B) does not expressly

provide that it applies retroactively, it is not applicable to the dormant judgment in this case. *See Franks v. Meyers*, 2015-Ohio-703, ¶ 19, 28 N.E.3d 133, 138 (Ohio Ct. App. Feb. 27, 2015); *see also Larney*, 2016-Ohio-1371, ¶ 24, 2016 WL 1291565, at *5. Therefore, interest has continued to accrue during the period in which the judgment had been dormant.

Counsel for Plaintiff has submitted an affidavit and balance sheet evidencing the judgment, account payments made, and interest accrued, from February 15, 1995, to the present. (R. 52.) Defendant has not disputed the accuracy of the amounts or calculations contained therein.

Ohio Rev. Code § 2325.17 provides that, "[i]f sufficient cause is not shown to the contrary, the [dormant] judgment or finding mentioned in Section 2325.15 of the Revised Code shall stand revived..." Ohio Rev. Code § 2325.17. Defendant has not shown sufficient cause why the judgment at issue should not be revived.

### IV. Conclusion

Plaintiff's Motion to Revive Dormant Judgment (R. 42) is timely filed, in accordance with the governing provisions of Ohio Rev. Code §§ 2325.15, 2325.18. The Stipulated Judgment Entry of February 15, 1995, is uncontested. (R. 52, PX A.) Interest continued to accrue during the period in which the judgment had been dormant. The undersigned recommends that the court enter an order reviving the judgment in favor of Plaintiff, and against Defendant Stephen Strabala,

individually and doing business as "S&S Investments," for the sum, which Plaintiff has calculated and to which Defendant has not objected, of $20,461,641.89, plus interest at the rate of 7.34% per annum, compounded annually.

s/ David A. Ruiz  
David A. Ruiz  
United States Magistrate Judge

Date:  February 17, 2017

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).