UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| COLUMBIANA COUNTY BOARD OF COMMISSIONERS, | ) ) ) | Case No.: 4:94 CV 1482 |
| Plaintiff | ) ) | |
| v. | ) ) | JUDGE SOLOMON OLIVER, JR. |
| STEPHEN STRABALA, | ) ) | |
| Defendant | ) | <u>ORDER</u> |

On September 12, 2016, Plaintiff Columbiana County Board of Commissioners ("Columbiana County") filed a Motion to Revive Dormant Judgment ("Motion to Revive") (ECF No. 42). On October 11, 2016, Defendant filed an Opposition (ECF No. 46). On December 7, 2016, the court referred the Motion to Magistrate Judge David. A. Ruiz ("Judge Ruiz") to conduct a hearing and prepare a Report and Recommendation. (Order Referring Motion to Revive Dormant Judgment, ECF No. 47.) On January 27, 2017, Judge Ruiz held a hearing at which both parties participated through counsel. (Minute Order of Motion Hearing, ECF No. 51, at 1.) On February 17, 2017, Judge Ruiz submitted his Report and Recommendation ("R. & R.") (ECF No. 53). On March 3, 2017, Defendant filed an Objection (ECF No. 54) to the R. & R.

The facts of the case, as set forth by Judge Ruiz, appear below:

> Plaintiff obtained a judgment on February 15, 1995, against Defendant Stephen Strabala, individually and doing business as "S&S Investments," in the amount of $4,785,135.00, which accrues interest at the rate of 7.34% per annum, compounded annually. *See* R. 52, PX A (Stipulated Judgment Entry).
>
> Subsequently, on or before April 5, 1995, real estate and items of

> personal property of Defendant Stephen Strabala were sold. The proceeds from the sale of such property amounted to $144,740.80, which were applied to the judgment in this matter. Additionally, from December 11, 1998, to October 19, 2011, Defendant Stephen Strabala made payments toward the judgment in the total sum of $33,755.75, which have also been applied to the judgment.
>
> The balance, as calculated by Plaintiff, including interest currently due on the judgment is $20,461,641.89. (R. 52, PX B.) Plaintiff contends that the judgment is in full force and effect and remains unpaid, but has become dormant by the operation of law. (R. 42, PageID #: 5.) The parties agree that the judgment became dormant on February 15, 2000. (R. 42, PageID #: 6; R. 46, PageID #: 17.)
>
> Plaintiff's Motion to Revive Dormant Judgment requests an order reviving the judgment in favor of Plaintiff, and against Defendant Stephen Strabala, for and to the extent of the unpaid balance, in the sum of $4,606,638.45, plus interest at the rate of 7.34% per annum, compounded annually, from February 15, 1995. (R. 42, PageID #: 7.) The current sum due, as calculated by Plaintiff, is $20,461,641.89, plus interest at the rate of 7.34% per annum, compounded annually. (R. 52, PageID #: 37; R. 52, PX B.)
>
> The court held a Motion Hearing on January 27, 2017. (R. 51.) The court ordered the parties to file post-hearing briefs within fourteen days of the hearing date. . . . Plaintiff filed a post-hearing brief on February 10, 2017. (R. 52.) Defendant has not done so. Fourteen days having passed, the court considers the issues fully briefed.

(R. & R., ECF No. 53, at 2-3) (footnote omitted).

This dispute centers on the interpretation of the statute of limitations for reviving a dormant judgment. Both parties agree that the relevant statute is Ohio Revised Code § 2325.18, which was modified on June 2, 2004. (*Id.* at 4.) Plaintiff argues that the statute, as it existed at the time of the original judgment, should apply. (*Id.*) Under Plaintiff's reading, the statute would provide twenty-one years for Plaintiff to revive the dormant judgment, giving Plaintiff until 2021 to do so. (*Id.*) Defendant maintains that the current language of the statute should apply, which only allows ten years to revive a dormant judgment. (*Id.*) Under Defendant's reading, the statute of limitations ran

on February 15, 2010, and therefore, Plaintiff's Motion should be time-barred.

Judge Ruiz, relying on established Ohio caselaw, found that "without an expression of retroactivity, statutes are not to be applied retroactively." (*Id.* at 5.) Thus, the statute in existence at the time of the judgment applies.

Defendant's Objection, in its entirety, states:

> Now comes Stephen Strabala, the defendant, through counsel Peter Horvath, who objects to the Report and Recommendation of the Magistrate, issued on February 17, 2017. Objections are due by March 3 2017. [*sic*]
>
> The magistrate's [*sic*] recommendation is to allow revival of the plaintiff's judgment. Defendant has opposed revival based on the applicable statute of limitations [*sic*]
>
> The basis of defendant's objection is to give defendant and counsel an opportunity to review the legal basis of the report and recommendation. The facts of the case are not in dispute.

(Objection, ECF No. 54, at 1.)

In his filing, Defendant provides no reason why he needs additional time to review the law. The court notes that Defendant filed his original Opposition to the Motion to Revive Dormant Judgment in October of 2016. On January 27, 2017, Judge Ruiz held a hearing and heard Defendant's arguments. Judge Ruiz then gave Defendant fourteen days to file an additional post-hearing brief. After the issuance of the R. & R. on February 17, 2017, Defendant was given an additional fourteen days to file objections. Defendant has had more than ample time to review the law, and he provides no reason for needing additional time. Furthermore, Defendant has not directly requested additional time to object, nor has he given the court a date by which to expect a supplemental filing. Now, more than three weeks have passed since Judge Ruiz issued his R. & R., and Defendant has provided no more information. As a result, the court concludes there is no basis

to provide Defendant an extension.

After considering Defendant's Objections and reviewing the R. & R. *de novo*, the court finds that Magistrate Judge Ruiz's findings are well-taken.  The court adopts as its own the R.& R. for the reasons stated within the R. & R.

Accordingly, the court hereby grants Plaintiff's Motion to Revive Dormant Judgment (ECF No. 42) and enters judgment for Plaintiff against Defendant in the amount of $20,461,641.89, with an interest rate of 7.34% to accrue annually.

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

March 16, 2017